PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FOR THE _____SOUTHERN_____ DISTRICT OF TEXAS

JUL 26 2016

_____BEAUMONT_____ DIVISION

BY
DEPUTY_____

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

WILLIE JAMES ATKINS
_____
PETITIONER
(Full name of Petitioner)

vs.

_____
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

MARK W. STILES UNIT
_____
CURRENT PLACE OF CONFINEMENT
3060 FM 3514
BEAUMONT, TEXAS  77705
TDCJ NO. 1441701
_____
PRISONER ID NUMBER

1:16 CV 304 MC/KFG
_____
CASE NUMBER
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1.   The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.   Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.   Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.   If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

1

5.   Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

| | | |
|---|---|---|
| ☒ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

CRIMINAL DISTRICT COURT NO. SIX(6) OF DALLAS COUNTY, TEXAS

2.   Date of judgment of conviction:  MAY 4, 2007

3.   Length of sentence:    LIFE-NON AGG

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:   F06-00566-UX

ATTEMPTED SEXUAL PERFORMANCE CHILD/EMPLOYMENT

5.  What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☒ No

8.  Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? <u>FIFTH COURT OF</u>
<u>APPEALS, DALLAS COUNTY, TEXAS</u>   Cause Number (if known): <u>05-07-00566-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed)? <u>AFFIRMED</u>

   What was the date of that decision? <u>AFFIRMED JULY 23, 2008</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: <u>COURT ERRED IN DENYING MOTION TO SUPPRESS ILLEGALLY</u>
   <u>SEIZED VIDEO EVIDENCE.</u>

   Result: <u>REFUSED</u>

   Date of result: <u>December 10, 2008</u>   Cause Number (if known): <u>PD-1163-08</u>

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: <u>N/A</u>

   Date of result: <u>N/A</u>

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:
   <u>CRIMINAL DISTRICT COURT NO. SIX(6) of DALLAS COUNTY, TEXAS (Trial)</u>
   Name of court: <u>TEXAS COURT OF CRIMINAL APPEALS at AUSTIN.</u>

   Nature of proceeding: <u>WRIT OF HABEAS CORPUS Art. 11.07 (No.-1)</u>

   Cause number (if known): <u>WR 74,886-01 TX.CT.CRIM.APP./ W06-00566-X(A) (Trial Ct.)</u>

3

stamped date from the particular court: __REQUESTED FILE MARK/DATE STAMP COPY WAS NOT__
__RECEIVED/RETURNED w S.A.S.E. INCLUDED;   TENDERED WITH PRISON OFFICIALS 3-1-2010;   CERTIFIED__
__MAIL SIGNED RECEIVED.__ by TRIAL COURT 3-3-2010;   TRIAL COURT NOTICE OF RECEIPT DATE 3-11-2010.
Grounds raised: __INEFFECTIVE ASSISTANCE/ PROSECUTORIAL MISCONDUCT/ POLICE MISCONDUCT/ VIDEO EVIDENCE ILLEGAL__
__SEIZURE ENTERED AS EVIDENCE/ NO HEARING MOTION INEFFECTIVE ASSISTANCE/ MOTION BOND REDUC-__
__TION__

Date of final decision: __WRIT 11-10-2010 / MOTION FOR RECONSIDERATION 11-23-2010__

What was the decision? __WRIT DENIED w/o WRITTEN ORDER/ MOTION NOT ENTERTAINED w/o WRITTEN__
__ORDER.__

Name of court that issued the final decision: __TEXAS COURT OF CRIMINAL APPEALS__

As to any second petition, application or motion, give the same information:

Name of court: __CRIMINAL DISTRICT COURT NO. SIX(6) OF DALLAS COUNTY, TEXAS__

Nature of proceeding: __(1) WRIT OF MANDAMUS SEEKING FINDS OF FACT/CONCLUSION OF LAW.__

Cause number (if known): __W06-00566-X(A)__

Date (month, day and year) you filed the petition, application or motion as shown by a file-
stamped date from the particular court: __REQUESTED FILE MARK/DATE STAMP COPY WAS NOT RECEIVED/__
__RETURNED w S.A.S.E. INCLUDED; TENDERED WITH PRISON OFFICIALS 5-8-2015;   CERTIFIED MAIL SIGNED__
__RECEIVED__ by TRIAL COURT 5-13-2015.
Grounds raised: __FAILURE TO PROVIDE FINDINGS OF FACTS/CONCLUSIONS OF LAW CAUSED__

__STATE IMPOSED IMPEDIMENT AGAINST FURTHER REDRESS IN FEDERAL COURT__

Date of final decision: __NONE - NO RESPONSE FROM TRIAL COURT__

What was the decision? __NONE - NO RESPONSE FROM TRIAL COURT__

Name of court that issued the final decision: __NONE - NO RESPONSE FROM TRIAL COURT__

*If you have filed more than two petitions, applications or motions, please attach an additional*
*sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking
in this petition?         ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence
to be served in the future: __N/A__

(b)    Give the date and length of the sentence to be served in the future: __N/A__

As to any THIRD petition, application or motion, give the same information:

Name of Court: FIFTH COURT OF APPEALS at DALLAS COUNTY, TEXAS

Nature of proceeding: (2) WRIT OF MANDAMUS SEEKING FINDS OF FACT/CONCLUSION OF LAW.

Cause number (if known): No. 05-15-00746-CV

Date (month, day and year) you filed the petition, application or motion as shown by
a file-stamped date from the particular court:

FILE STAMP DATE JUN 12, 2015/ TENDERED WITH PRISON OFFICIALS June 9, 2015

Grounds raised: FAILURE TO PROVIDE FINDINGS OF FACTS/CONCLUSIONS OF LAW CAUSED

STATE IMPOSED IMPEDIMENT AGAINST FURTHER REDRESS IN FEDERAL COURT

Date of final decision: June 23, 2015

What was the decision? LACK OF JURISDICTION-DISMISSED / REFERED TO Court Of CRIMINAL

APPEALS PURSUANT TO- Tex.Gov't Code Ann. § 22.221(a)(b) (West 2004)(Writ power).

Name of court that issued the final decision: FIFTH COURT OF APPEALS.

As to any FOURTH petition, application or motion, give the same information:

Name of the court: TEXAS COURT OF CRIMINAL APPEALS

Nature of proceeding: (3) WRIT OF MANDAMUS SEEKING FINDINGS OF FACT/CONCLUSION OF LAW.

Cause number (if known): WR-74,886-02

Date (month, day and year) you filed the petition, application or motion as shown by
a file-stamped date from the particular court:

OFFICIAL NOTICE DATE 7-17-2015/ TENDERED WITH PRISON OFFICIALS JULY 10, 2015

Grounds raised : FAILURE TO PROVIDE FINDINGS OF FACTS/CONCLUSIONS OF LAW CAUSED

STATE IMPOSED IMPEDIMENT AGAINST FURTHER REDRESS IN FEDERAL COURT.

What was the decision: DENIED WITHOUT WRITTEN ORDER

Date of final decision? 8-26-2015

Name of the court that issued the final decision? TEXAS COURT OF CRIMINAL APPEALS.

As to any **FIFTH** petition, application or motion, give the same information:

Name of Court: <u>CRIMINAL DISTRICT COURT NO. SIX(6) OF DALLAS COUNTY, TEXAS</u> (Trial Ct.)

<u>TEXAS COURT OF CRIMINAL APPEALS</u>

Nature of proceeding: <u>SUBSEQUENT WRIT OF HABEAS CORPUS ART. 11.07 (NO.-2)</u>

Cause Number if known: <u>Trial Court- W06-00566-X(B)/ Appeals Court- WR-74,886-03</u>

Grounds raised: <u>1-POST CONVICTION- NEWLY RECEIVED EVIDENCE- CONTINUED DILIGENCE-</u>
1st Amendment Access to Court and 14th Amendment Procedural Due Process Violations
to the U.S. Constitution; 2-GUILT PHASE- NEWLY PUBLISHED EVIDENCE SUPPORTS ORIGINAL
<u>Arguments, Allegations, Claims of 14th Amendment BRADY/ STRICKLAND VIOLATIONS;</u>

<u>3-PUNISHMENT: NEWLY PUBLISHED MEDICAL/ SCIENTIFIC EVIDENCE UNAVAILABLE BEFORE PREVIOUS</u>

<u>APPLICATION SUPPORTS PREVIOUS CLAIM OF 14th AMENDMENT DUE PROCESS/ BRADY/ STRICKLAND</u>

<u>VIOLATIONS.</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown
by a file-XXXXXXX stamped date from the particular court:

<u>OFFICIAL NOTICE DATE: December 17, 2015/ TENDERED WITH PRISON OFFICIALS 12-10-2015</u>

Date of final decision: <u>3-2-2016 / RECEIVED 3-9-2016 Stiles Unit Mailroom.</u>

What was the decision? <u>DISMISSED WITHOUT WRITTEN ORDER</u>

Name of the court that issued the final decision: <u>TEXAS COURT OF CRIMINAL APPEALS.</u>

(6)

(c)   Have you filed, or do you intend to file, any action on the back time judgment for the
sentence you must serve in the future?      ☐ Yes      ☐ No ⌊X⌋ N/A

**Parole Revocation:**

13.   Date and location of your parole revocation: ___N/A_____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging
your parole revocation?      ☐ Yes      ☐ No ⌊X⌋ N/A

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes      ☐ No ⌊X⌋ N/A

16.   Are you eligible for release on mandatory supervision?      ☐ Yes      ☐ No ⌊X⌋ N/A

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
___N/A_____

Disciplinary case number: ___N/A_____

What was the nature of the disciplinary charge against you? ___N/A_____

18.   Date you were found guilty of the disciplinary violation: ___N/A_____

Did you lose previously earned good-time days?      ☐ Yes      ☐ No ⌊X⌋ N/A

If your answer is "Yes," provide the exact number of previously earned good-time days that were
forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
___N/A_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and
any changes in custody status:
___N/A_____

_____

_____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes      ☐ No ⌊X⌋ N/A

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: ___N/A_____

Step 2  Result: _____N/A_____

       Date of Result: ___N/A_____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:** 14th AMENDMENT PROCEDURAL DUE PROCESS & 1st AMENDMENT ACCESS TO COURT VIOLATIONS

WHEN STATE HABEAS PETITION WAS NOT PROPERLY AJUDICATED PURSUANT TO TEX. CODE CRIM. PROC. MANDATE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

STATE COURT OFFICIALS AT ALL LEVELS, INCLUDING TRIAL JUDGE, HABEAS JUDGE, TRIAL CLERK, HABEAS CLERK VIOLATED STATE MANDATE -and- CREATED "EXTRAORDINARY CIRCUMSTANCES", by REFUSING TO PROVIDE APPLICANT'S COPY OF THE STATE COURT FINDINGS OF FACT/ CONCLUSION OF LAW DESPITE REPEATED NOTICE, REQUESTS, PETITIONS. AN ESSENTIAL ELEMENT FOR FEDERAL HABEAS PETITION. NEWLY DISCOVERED EVIDENCE -and- ATTEMPTS TO EXHAUST STATE REMEDIES PROVES SAID DOCUMENT DOES INDEED EXIST -and- THAT STATE COURT ACTS/OMISSIONS ARE DELIBERATE ATTEMPTS TO DENY ACCESS TO FEDERAL COURT. (SEE MEMORANDUM). /LJ

B.    **GROUND TWO:** 14th AMENDMENT DUE PROCESS VIOLATION with POLICE MISCONDUCT/ FRANKS VIOLATION

when DETECTIVES PROVIDED KNOWINGLY FALSE AFFIDAVIT IN ORDER TO SECURE SEARCH/ARREST WARRANT CHARGING INDECENCY w/c EXPOSURE/MASTURBATION. APPELLATE REVIEW WAS DECIDED ON UNDER DEVELOPED TRIAL RECORD.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SAID AFFIDAVIT STATED: (1) COMPLAINANT (T.R.) SAT ON BED; (2) DEFENDANT UNDRESSED TO A PAIR OF "GREY" TIGHT SHORTS"; (3) DEFENDANT EXPOSED HIS PENIS AND MASTURBATED IN T.R. PRESENCE. EVIDENCE OF DELIBERATE ATTEMPTS BY POLICE TO DECEIVE THE COURT IN ORDER TO SECURE SAME WAS SUPPRESSED BY PROSECUTION DURING FRANKS EVIDENTIARY HEARING.

SPECIFICALLY: DURING INTERROGATION IMMEDIATELY FOLLOWING ARREST, APPLICANT REFUSED TO SIGN A FALSE CONFESSION UNDER DURESS. AS A RESULT, SAID EXPOSURE/MASTURBATION CHARGES WERE DROPPED ON THE ONE-YEAR ANNIVERSARY DATE (May 5, 2006). CLAIMS FOR WHICH COMPLAINANT LATER TESTIFIED AT TRIAL HE NEVER TOLD DETECTIVES or "ANYONE ELSE" (RR3:73, 74).

HOWEVER, 13-months after arrest, (6-20-06) SIX-WEEKS AFTER SAID EXPOSURE/MASTURBATION WERE DROPPED (5-5-06); THREE DAYS BEFORE A SCHEDULED FRANKS HEARING (6-23-2006); DETECTIVE OLIVAREZ EXECUTED YET ANOTHER FALSE AFF'D ON (6-20-06), from RYDELL SIMMONS IMPEACHING Complainant' testimony at (RR3:73, 74) as

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX -6- XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXX.

GROUND TWO CONTINUED ON PAGE-10.  8

C.     **GROUND THREE:**   14th AMENDMENT DUE PROCESS VIOLATION PROSECUTORIAL MISCONDUCT when PROSECUTOR WILLFULLY SUPPRESSED RYDELL SIMMONS AFFIDAVIT DURING FRANKS HEARING as FAVORABLE TO THE ACCUSED, IMPEACHABLE/ EXCULPATORY IN NATURE.   TRIAL RECORDS UNDER DEVELOPED FOR APPELLATE REVIEW.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
AS DESCRIBED UNDER GROUND TWO ABOVE, three(3) AFF'D WERE ENTERED INTO THE RECORD FOR TRIAL JUDGE' CONSIDERATION -and- APPELLATE/HABEAS REVIEW from Complainant, his mother (M.N.) and step-father (B.W.N) (RR3:149). Said Aff'd described the actions of defendant as: "FONDLING", "GROPING", "PLAYING WITH HANDS IN GYM SHORTS". Said Aff'd lead TRIAL JUDGE/ Appellate Court to the ERRONEOUS CONCLUSION/RULING that Detectives "MISTAKENLY" took that description to mean "EXPOSURE/MASTURBATION" as an HONEST MISTAKE MADE IN "GOOD FAITH"

SIMMONS' Aff'd however, was suppressed from RECORD by Prosecutor, IMPEACHING Detectives ACTS/OMISSIONS from an HONEST MISTAKE made in GOOD FAITH, to a "DELIBERATE ATTEMPT" to MISLEAD the court in order to secure said SEARCH/ARREST WARRANT.  If truly an "INNOCENT MISTAKE" in "GOOD FAITH",  Simmons' Aff'd would not have been NECESSARY - SOUGHT - EXECUTED for any LEGITIMATE PURPOSE (including fact finding) -and- THE MANNER described above. A REASONABLE PROBILITY OF A DIFFERENT OUTCOME WITH JUDGE DENYING ADMISSION OF VIDEO EVIDENCE ABSENT THIS PROSECUTORIAL MISCONDUCT.   **(SEE MEMORANDUM)**

D.     **GROUND FOUR:**   14th AMENDMENT DUE PROCESS VIOLATION/ PROSECUTORIAL MISCONDUCT when PROSECUTOR WILLFULLY SUPPRESSED PORTIONS OF SIMMONS AFFIDAVIT FROM THE JURY  AS FAVORABLE TO THE ACCUSED, IMPEACHABLE/ EXCULPATORY IN NATURE DURING SIMMONS TESTIMONY IN JURY'S PRESENCE.  TRIAL RECORD UNDER DEVELOPED APPELLATE REVIEW.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
AS DESCRIBED IN GROUNDS TWO AND THREE ABOVE, REGARDING SIMMON'S AFF'D ON REDIRECT, Prosecutor for clarification purposes favorable to the State questioned Simmons as follows:  Q.  Just so THE JURY IS CLEAR...YOU HAVE ON HERE THAT YOU WROTE THIS STATEMENT ON THE 20th DAY OF JUNE OF 2006, RIGHT-? (RR3:110);  A.  YES, SIR (RR3:110); Q.  AND THAT WAS A GOOD YEAR AND A MONTH AFTER ALL THIS  "STUFF HAPPENED", RIGHT-?  A.  YES, SIR. (RR3:110).

However, Prosecutor WILLFULLY SUPPRESSED from jurors the portion of Simmons' aff'd that alleged T.R. "TOLD HIM" DEFENDANT EXPOSED HIS PENIS AND MASTURBATED WITH BOXERS OFF". (APX-M). "GLARING" and "CRUCIAL" CONFLICTING/ CONTRADICTORY TESTIMONY still fresh on the jury's mind IMMEDIATELY  AFTER the States' SOLE PROSECUTING WITNESS testified HE NEVER TOLD DETECTIVES - or - ANYONE ELSE that DEFENDANT EXPOSED HIS PENIS and MASTURBATED IN HIS PRESENCE (RR3:73,74). That would include SIMMONS' thereby impeaching SIMMONS, COMPLAINANT, DETECTIVES as UNTRUTHFUL/CONFLICTING/CONTRADICTORY, desperate for ADMISSION of HIGHLY PREJUDICIAL video tapes for which without, no rational juror would find guilt beyond a reasonable doubt.  A REASONABLE PROBABILITY OF DIFFERENT OUTCOME ABSENT THIS PROSECUTORIAL MISCONDUCT.  (SEE MEMORANDUM).

21.     Relief sought in this petition:     (1)   EQUITABLE TOLLING DUE TO EXTRAORDINARY CIRCUMSTANCES

CREATED BY STATE IMPOSED IMPEDIMENT AND AEDPA "ONE-BITE" RULE.

(2)   EVIDENTIARY HEARING ON THE MERITS;

(3)   DECLATORY JUDGMENT OF CONSTITUTIONAL VIOLATIONS (CAUSE & PREJUDICE).

(4)   NEW TRIAL IN WHICH ALL AVAILABLE FACTS MATERIAL TO GUILT -and- PUNISHMENT

ARE INCLUDED IN COURT RECORDS FOR JURY CONSIDERATION/ APPELLATE/HABEAS

REVIEW.

B.     GROUND TWO (cont'd):

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX.

"UNTRUTHFUL"/ CONFLICTING;  -AND-  IMPEACHED DETECTIVES ACTS/OMISSIONS AS INTENTIONAL ATTEMPTS TO DECEIVE THE COURT.  Not an INNOCENT MISTAKE -or- MISUNDERSTANDING made in "GOOD FAITH".

SPECIFICALLY:  Simmons aff'd alleged COMPLAINANT (T.R.) "TOLD HIM" DEFENDANT EXPOSED HIS PENIS AND MASTURBATED IN HIS PRESENCE WITH "BOXERS OFF".  Allegations which if believed as TRUE, would have resulted in "MULTIPLE" -and/or "ADDITIONAL" CHARGES  INSTEAD OF "DROPPED" CHARGES.  Simmons aff'd was faxed the very next day after execution (6-21-06) from Detective Olivarez (214)671-4645 to Prosecutor (214)653-3845.  (APX-M).

HOWEVER, Simmons Aff'd as favorable to the accused, EXCULPATORY/IMPEACHABLE IN NATURE was SUPPRESSED by Prosecutor from the Judges' consideration and TRIAL RECORDS during SAID FRANKS HEARING (RR3:164) (outside the jury's presence) and during Simmons testimony in the jury's presence (RR3:110).

There is a reasonable probability of a different outcome with JUDGE DENYING ADMISSION OF HIGHLY PREJUDICIAL VIDEO EVIDENCE THAT DID NOT CONTAIN COMPLAINANT or CRIMINAL CHARGES ABSENT THIS POLICE/PROSECUTORIAL MISCONDUCT.  (SEE MEMORANDUM).  ¶¶

E.     GROUND FIVE:     6th AMENDMENT VIOLATION with INEFFECTIVE ASSISTANCE OF COUNSEL when COUNSEL FAILED TO INCLUDE SIMMON'S AFFIDAVIT AS EVIDENCE IN SUPPORT OF OBJECTION TO ADMISSION OF SEIZED VIDEO EVIDENCE FOR THE TRIAL JUDGES CONSIDERATION DURING FRANKS HEARING.  TRIAL RECORD NOT FULLY DEVELOPED.

FACTS:   (i)    As described in GROUNDS TWO thru FOUR ABOVE, Counsel failed to include SIMMONS' Aff'd - and - the MANNER in which it was executed, as evidence of an INTENTIONAL ATTEMPT by DETECTIVES TO MISLEAD THE COURT in order to secure said SEARCH/ ARREST WARRANT.  As such, was not a simple MISUNDER- STANDING made in GOOD FAITH.  Had Counsel presented this evidence, there is a reasonable probability Counsels OBJECTION to the ADMISSION of HIGHLY PREJUDICIAL video evidence which did not include complainant or CRIMINAL CHARGES would have been granted resulting in a different outcome of proceedings. (SEE MEMORANDUM). (RR3:162,164).

F.     GROUND SIX:     6th AMENDMENT VIOLATION with INEFFECTIVE ASSISTANCE OF COUNSEL when COUNSEL FAILED TO ADEQUATELY INVESTIGATE, IMPEACH -and/or- CONDUCT MEANINGFUL ADVERSERIAL CHALLENGE IN THE JURY'S PRESENCE REGARDING SIMMON'S AFFIDAVIT' GLARING, CRUCIAL CONTRADICTION.  TRIAL RECORD NOT FULLY DEVELOPED.

FACTS:   (i)    As described in GROUNDS TWO above, Prosecutor provided Defense Counsel' copy of SIMMONS' AFF'D while buried in a pile with other documents including AFFIDAVITS LISTED IN ABOVE GROUND THREE.  As such, counsel failed to ADEQUATELY INVESTIGATE -and/or- DISCOVER that Simmons Aff'd was not EXECUTED at the same time as the other three listed.  INSTEAD, a full thirteen-months later.  Evidenced during Simmons' testimony on CROSS by defense (RR3:96) and RE-DIRECT by prosecution (RR3:110). (APX-M).

(ii)    Defense Counsel failed to conduct a meaningful adverserial challenge in the jury's presence

10

regarding the portion of Simmons' aff'd as FAVORABLE TO THE ACCUSED/ EXCULPATORY/IMPEACHABLE in NATURE with GLARING/CRUCIAL DISCREPANCIES listed in ABOVE GROUNDS TWO thru FIVE . Instead, COUNSEL CURSED ME, stating "IT MAKES NO GOD DAMN DIFFERENCE". **(APX-N).** There is a reasonable probability of a different outcome ABSENT THIS ERROR OF COUNSEL.

**G.   GROUND SEVEN:**   14th AMENDMENT DUE PROCESS VIOLATION WHEN PROSECUTOR INTRODUCED KNOWINGLY FALSE EXTRANEOUS OFFENSE INTO EVIDENCE CONSIDERED BY JURORS DURING PUNISHMENT THAT "APPLICANT ATTEMPTED TO RAPE RICHARD WILSON AT GUN POINT," INCLUDED IN PRISON RECORDS VIEWED AND USED BY PAROLE AS DENIAL.

   **FACTS:   (i)**   PROSECUTOR later argued to the judge (outside the jury's presence), to allow Richard Wilson to testify that applicant attempted to rape him at gun point in 1991 **(RR6:4).** COURT RECORDS EVIDENCE Wilson served 13-years of a 16-year sentence for ATTEMPTED MURDER, in which I was the victim. During his trial, 9-1-1 tape was heard by the jury of me screaming for my life, then a gunshot wound to the head, after which the phone hangs-up. 9-1-1 Operators' call back literally saved my life, forcing Wilson to stop the assault and flee. Injuries included: GUNSHOT WOUNDS TO THE HEAD/ABDOMAN -and- FOUR AX WOUNDS TO THE FACE, HEAD, BODY. All for a CAR, RIMS, STEREO, LATER FOUND STRIPPED IN Wilson's neighborhood. **(RR6:4).**

   **(ii)**   Over defense OBJECTIONS, Prosecutor argued "FIERCELY" with Trial Judge to allow him to provide testimony to the jury for which he KNEW or SHOULD HAVE KNOWN was "UNTRUTHFUL". Prosecutor FINALLY ADMITTED that no such charge was ever CLAIMED or FILED against defendant **(RR6:11).** Eventhough the judge ultimately denied State' request, said KNOWINGLY FALSE CLAIMS were presented to the jury as EXTRANEOUS OFFENSE **(APX-P),** with no OBJECTIONS FROM COUNSEL, eventhough he OBJECTED OUTSIDE THE JURY' presence **(RR6:6).** KNOWINGLY FALSE EVIDENCE which remains in PRISON FILES viewed by PAROLE, used as GROUNDS FOR DENIAL. As such cannot be viewed as HARMLESS ERROR. Actions which further demonstrate conviction at ANY and ALL COST, TRUTH BE DAMNED-! MIND SET OF PROSECUTOR.

   There is a reasonable probability absent repeated MISCONDUCT CUMULATIVE AFFECT, Applicants sentence would have been significantly less than life.

**H.   GROUND EIGHT:**   14th AMENDMENT DUE PROCESS VIOLATION WHEN PROSECUTOR ALLOWED KNOWINGLY UNTRUTHFUL TESTIMONY UNCORRECTED FROM DETECTIVE JOSEPH CORDEN THAT THE VIDEO UNSEEN BY JURORS WERE ALL UNDER AGE BOYS -AND- WILLFULLY SUPPRESSED 32-PAGE VIDEO REPORT FAVORABLE TO THE ACCUSED AS IMPEACHABLE/EXCULPATORY IN NATURE.

   **FACTS:   (i)**   The State produced no actual VIDEO PARTICIPANTS as witnesses, including INDIVIDUALS DETAINED at Dallas County Jail a few floors down during trial. **(APX-G,F).** Corden testified that: INDIVIDUALS FROM THE SCENES UNVIEWED BY JURORS WERE ALL UNDER AGE BOYS -and- 13-YEAR OLDS CANNOT CONSENT TO SEX WITH ADULTS **(RR3:216);** Later stating "THERE WASN'T ANYBODY WHO WAS OLDER-? **(RR5:60).**

   **(ii)**   HOWEVER, SAID 32-PAGE VIDEO REPORT was COMPILED BY Detective Corden and IMPEACHED SAID TESTIMONY as "UNTRUTHFUL", with "GLARING " CRUCIAL CONTRADICTIONS favorable to the ACCUSED when said report contained no SUGGESTION OF ANY 13-YEAR OLDS -and- used descriptive terms such as 'MIDDLE AGE; BALDING; OLDER BLACK MAN, BEARD; BALDING; TALL-MUSCULAR-HAIRY CHEST; AS WELL AS CONSENSUAL.

   **(iii)**   THERE IS A REASONABLE PROBILITY OF A DIFFERENT OUTCOME ABSENT THIS PROSECUTORIAL MISCONDUCT.

11

I.    **GROUND NINE:**    DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO IMPEACH DETECTIVE CORDEN' CONTRADICTORY TESTIMONY AS "UNTRUTHFUL" BY INTRODUCING SAID 32-PAGE VIDEO REPORT; FAVORABLE VIDEO SCENES, REQUESTED WITNESSES.   TRIAL RECORDS NOT FULLY DEVELOPED.

  **FACTS:**   During the two years awaiting trial, Counsel stated repeatedly that VIDEO EVIDENCE WOULD NOT BE ADMITTED.   Court records evidence Applicant's repeated requests BEFORE TRIAL, in person –and– CERTIFIED MAIL (APX-B) that "IN THE EVENT SAID VIDEO EVIDENCE WAS DEEMED ADMISSABLE, SPECIFIC SCENES AND INDIVIDUALS WERE ESSENTIAL AND FAVORABLE TO MY DEFENSE (APX-B).

  **(ii)    (A)**  Impeachment to State's UNTRUTHFUL CLAIM that individuals in video evidence were "ALL UNDER-AGE BOYS"; **(B)** Introduce SIMILAR SCENES in which SEXUAL PERFORMANCE DID NOT OCCUR; **(C)** Provide witness testimony regarding "SEXUAL INTENT" was not an AMBUSH SURPRISE –or– FAKE JOB OFFERS. Instead, CONSENSUAL with full FORE KNOWLEDGE.

  **(iii)**    Once HIGHLY PREJUDICIAL VIDEO EVIDENCE was deemed ADMISSABLE **(RR3:164)**, there was no REASONABLE STANDARD, or STRATEGIC/ TACTICLE JUSTIFICATION for Counsel's failure to:  INTRODUCE SAID VIDEO REPORT –and– FORMALLY IMPEACH Detective Corden's testimony as "UNTRUTHFUL"; FAILURE TO INTRODUCE FAVORABLE VIDEO SCENES IN WHICH "Sexual Performance" DID NOT OCCUR; Failure to INTERVIEW –and/or– PRODUCE REQUESTED WITNESSES as IMPEACHABLE/EXCULPATORY in nature.

  **(iv)**    Counsel admitted to jurors during CLOSING ARGUMENTS at GUILT, that he in fact could have "INTRODUCED VIDEO EVIDENCE HIMSELF **(RR5:16)**" and named several details from the one scene viewed by jury as favorable to the defense:  "HE (defendant) GETS UP"; "HE LEAVES"; "HE COMES BACK"; "THERE'S CONVERSATION".**(RR5:16)**.    EVIDENCE which SUPPORTS Applicant's ASSERTIONS made to Cousel before trial: "WHILE T.R. WATCHED VIDEO, APPLICANT WAS IN THE RESTROOM " (not laying on the bed as claimed by Prosecutor–) **(RR3:172)**;  –AND–  Complainant stole TWENTY ($20.00) Dollars from nite-stand.

  **(v)**    There is a reasonable probility that but for Counsel's REPEATED UNPROFESSIONAL ERRORS, EXTREME PREJUDICE and PUBLIC OUTRAGE associated with "CHILD MOLESTER" would have been proven FALSE, resulting in a different outcome.

J.    **GROUND TEN:**    DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN FAILED TO PROVIDE JURY  A DEFENSE THEORY WITH DEFENDANT'S VERSION OF EVENTS IN THE FORM OF AN OPENING STATEMENT. **(RR3:8/ 5:39)**.

  **FACTS:    (i)**    The following statement of MATERIAL FACTS were provided to Defense Counsel soon after arrest and REPEATED MANY TIMES well IN ADVANCE OF TRIAL, both in person –and– by CERTIFIED MAIL. **(APX-B)**. Not the result of 20/20 HINDSIGHT.  CRUCIAL FACTS which further evidence that NO CRIME OCCURED.

  **(ii)**    IF SAID FACTS had been provided to the jury in the form of DEFENSE OPENING STATEMENT, the jury would have been placed on NOTICE of defendant's ASSERTIONS of what the evidence would show; –and– TESTIMONY/ COURT DOCUMENTS/ STATE EXHIBITS/ all of which CORROBERATED said assertions, but were KNOWINGLY SUPPRESSED by Prosecutor, sufficient to FULLY DEVELOP COURT RECORDS for Appellate/Habeas Review.

(iii)    **QUESTION FOR THE JURY:**  Why would the victim of an ALLEGED "ATTEMPTED RAPE" (later recanted) leave the scene, bypass a Texaco Gas Station, Jack-In-The-Box Restaurant DIRECTLY ACROSS THE STREET - and - More than 40-Businesses along the way.  INSTEAD, travel two(2) to three(3) miles to a Gas Station to use a phone 3-hours later, not for "HELP" -or- "POLICE" ; but to call his "RIDE"-! (RR3:40).

(iv)    **ANSWER:**  THEY WOULDN'T.  But T.R. did-!  Why-?  Because he was never the victim of any "ATTEMPTED RAPE" (later recanted) -or- ATTEMPTED SEX ACT as claimed by Prosecutor -and-  was in no fear of any action from defendant.  Instead, while defendant was in the restroom, T.R. stole $20.00 from nite-stand, traveled two(2) to three(3) miles to his girlfriends house at I-30/N.W. Street and called for his "RIDE" three hours later PAST HIS CURFEW.

(v)    Details withheld from his parents attempting to avoid punishment from an angry step-father. All with full knowledge of Police & Prosecutors after at least four meetings with T.R. (RR3:88, 91). CRUCIAL MATERIAL FACTS Meticulously SUPPRESSED BY PROSECUTORS. (APX-K).

(vi)    There is a reasonable probability that absent Counsels repeated unprofessional errors, the outcome of proceeding would have been different.

K.    **GROUND ELEVEN:**    DENIED 14th AMENDMENT DUE PROCESS OF LAW WHEN PROSECUTOR WILLFULLY SUPPRESSED TEXACO STATION/ JACK-IN-THE-BOX AND MORE THAN 40 BUSINESSES NEARBY, FROM PHOTO EXHIBITS PRESENTED TO JURY AND DEFENSE - AND - ALLOWED KNOWINGLY FALSE TESTIMONY UNCORRECTED FROM TIMOTHY ROCHELL (COMPLAINANT).(APX-K).

**FACTS:**  As described under GROUND TEN ABOVE, T.R. was allowed to testify that he WALKED TWO to THREE MILES TO USE THE PHONE BECAUSE HE "DID NOT KNOW WHERE HE WAS" (RR3:40).  Actual PERJURY to his CONTRADICTING TESTIMONY on Direct that:  (A) "HIS RELATIVE LIVES OFF I-30 (RR3:25)";  (B) His step-father's testimony that: "T.R. SAID TO PICK HIM UP AT THE STATION ACROSS THE STREET FROM HIS (aunt) MAMIE (RR3:118)"; (C)  Prosecutor's CLOSING ARGUMENTS (RR5:21);  (D) ABOVE REFERENCED BUSINESSES DIRECTLY ACROSS THE STREET.
(APX-K).

(ii)    There is a reasonable probability of a different outcome  absent Prosecutorial Misconduct.

L.    **GROUND TWELVE:**    DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO IMPEACH ROCHELL'S TESTIMONY AS UNTRUTHFUL  WHEN HE TESTIFIED HE WALKED TWO to THREE MILES BECAUSE HE DID NOT KNOW WHERE HE WAS, -and/or- CONDUCT MEANINGFUL ADVERSARIAL CHALLENGE IN THE JURY'S PRESENCE.

**FACTS:**   (i)    Counsel failed to FORMALLY IMPEACH Rochell testimony in the jury' presence sufficient to fully develop court records for JURY CONSIDERATION/ Appellate/Habeas review as "UNTRUTHFUL" when he testified:
(A)  He walked two to three miles because he did not know where he was (RR3:40) bypassing businesses;
(B)  We met during the summer (RR3:17).  This falsely implied to the jury that school was out for the summer, thereby suppressing his true character as a DELIQUENT skipping school more than once to go to the mall with a friend and $1,000.00 dollars in cash.  Evidenced by Detective San Martino' notes  (APX-E);

INDICIMENT of May 5, 2005 (not summer);  – and – State's CLOSING (RR5:8);

(C)      Applicant's repeated ASSERTION regarding T.R. request to VIEW and BORROW pornography was to take with his to his 'GIRLFRIENDS' house was also SUPPRESSED from the jury with testimony claiming 'HE DOES NOT RECALL HAVING A GIRLFRIEND' (RR3:63), UNCHALLENGED BY DEFENSE – versus – a simple DENIAL or CONFIRMATION, easily EVIDENCED by T.R. PHONE RECORDS requested BEFORE TRIAL (APX-B).

(D)      The TERM 'DO NOT RECALL', IS NOT THE LANGUAGE USED IN RECORDED PHONE CALL BEFORE TRIAL (APX-O). INSTEAD, used after four meetings with prosecutors (RR3:88) to avoid PERJURY and Applicant' ASSERTIONS BEFORE TRIAL that 'UPON ARRIVAL, T.R. WAS ON THE PHONE WITH HIS 'GIRLFRIEND' – AND – T.R.' REQUEST TO TAKE HIM THERE WHEN FINISHED. THUS, the reason for allowing him to VIEW and his request to BORROW. 'NOT SEXUAL INTENT'.

(iii)      Such IMPEACHMENT with prior FALSE ALLEGATIONS – and – CHARACTER is proper under TEXAS LAW. There is a reasonable probability of a different outcome absent this repeated error of counsel.(SEE MEMORANDUM).

M.      GROUND THIRTEEN:  DENIED 6th  AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO IMPEACH, QUESTION, OR CONDUCT MEANINGFUL ADVERSARIAL CHALLENGE TO LEAD DETECTIVE OLIVAREZ IN JURY' PRESENCE (RR3:201).

FACTS:  (i)      Counsel failed to QUESTION OLIVAREZ in the jury' presence regarding details described in above GROUND TWO;  2–Details surrounding, EVIDENCE RECEIVED FROM MAINTENANCE STAFF BEFORE SEARCH WARRANT WAS ISSUED;  3–Details surrounding CELL PHONE INVESTIGATION resulting in EXCULPATORY EVIDENCE with no NEW or ADDITIONAL CHARGES;  4–Details surrounding  ORIGINAL CHARGES of EXPOSURE/MASTURBATION RECANTED. 5–Details surrounding FALSE CLAIMS PRESENTED TO THE JURY OF DEFENDANT AS AN UNEMPLOYED DOPE DEALER; 6–Details surrounding DEFENDANT' LAWN SERVICE AS THRIVING and not USED TO LURE UNDER AGE BOYS FOR SEX;

(ii)      ASSERTIONS from Applicant to Counsel repeatedly BEFORE TRIAL.  Not 20/20 HINDSIGHT. There is a reasonable probability of a different outcome absent repeated error of counsel. (APX-B). (SEE MEMORANDUM)

N.      GROUND FOURTEEN:  DENIED 14th  AMENDMENT DUE PROCESS WHEN PROSECUTOR WILLFULLY SUPPRESSED FROM JURY CONVERSATION BETWEEN T.R. and B.W.N. DURING THEIR RIDE HOME REGARDING DETAILS OF EVENTS IMMEDIATELY AFTER T.R. LEFT DEFENDANT' RESIDENCE FAVORABLE TO THE ACCUSED AS EXCULPATORY/IMPEACHABLE IN NATURE.

FACTS:  (i)      As described in GROUND TEN above, Prosecutor WILLFULLY  SUPRESSED CRUCIAL FACTS MATERIAL TO GUILT from an ANGRY STEP-FATHER (RR3:123) who testified 'HE DID NOT EVEN KNOW T.R. WAS GONE AT THE TIME (RR3:117), with QUESTIONS OF WHERE HAVE YOU BEEN-? – and – WHY OUT SO LATE-?  to a son AVOIDING FULL DISCLOSURE AS FOLLOWS:

Q.  DID YOU TELL HIM (B.W.N.) ON THE WAY HOME-? (RR3:42).  A.  NO, IT WAS NOT A CONVERSATION;

Q.  NOW WHEN YOU TOLD HIM – 'I GUESS WE DON'T HAVE TO GET THE WHOLE CONVERSATION'(RR3:42).

(ii)      Testimony CONTRADICTED BY STEP-FATHER with testimony that 'HE QUESTIONED T.R. and that T.R. DID IN FACT TALK DURING THEIR RIDE HOME (RR3:119,123).  The QUESTION for the JURY and COURT RECORDS is 'WHAT WAS SAID'-?   COURT RECORDS EVIDENCE T.R. parents and later the court were mislead into believing he called home immediately after leaving defendant' residence, using the FIRST PHONE AVAILABLE, when in fact, he did not.  1–BWN testified: 'YEAH IT HAD JUST HAPPENED AND THAT T.R. RAN TO WHERE HE WAS PICKED UP 'TEN MINUTES LATER (RR3:119,122);  3–APPELLATE OPINION stated:  T.R. RAN TO A 'NEARBY GAS STATION'  (APX-H at 78), when IN FACT, HE DID NOT.  INSTEAD, BYPASSED MORE THAN 40 BUSINESSES,  TRAVELED TWO to THREE MILES, finally calling his 'RIDE' (RR3:40) 3-HOURS LATER, WILLFULLY SUPPRESSED BY PROSECUTOR FROM COURT RECORDS/JURY.

(APX-K).    14

(iii)     IN ADDITION, B.W.N. testimony also CONFLICTED with T.R. when he testified that T.R. NEVER TOLD DEFENDANT HE WAS 15 YEARS OLD BEFORE EVIDENCED RECORDED PHONE CALL. (RR3: 127,128,133). XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX SUPPRESSION OF SAID TESTIMONY LISTED ABOVE PREJUDICED DEFENDANT. (SEE MEMORANDUM).

O.   GROUND FIFTEEN:   DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO IMPEACH -and/or- CONDUCT MEANINGFUL ADVERSARIAL CHALLENGE IN JURY' PRESENCE REGARDING CONFLICTING TESTIMONY BETWEEN T.R. and B.W.N. DURING RIDE HOME WITH CONVERSATION SUPPRESSED FROM JURY.

FACTS:   (i)     As described in GROUND FOURTEEN above, the FULL CONVERSATION between T.R. and B.W.N. during their ride home immediately after pick-up was CRUCIAL to Applicant's REPEATED ASSERTIONS made to counsel before TRIAL, listed in PROPOSED OPENING STATEMENT detailed in GROUND TEN above.  If counsel had, EVIDENCE DISCLOSED would include: 1-Applicant's ASSERTION that all details of a SEXUAL NATURE disclosed to T.R. parents, and later to the police, were DETAILS FROM A HOMOSEXUAL VIDEO WHICH INCLUDED DEFENDANT, SITTING ATOP VCR, INSERTED BY T.R. WHILE DEFENDANT WAS IN RESTROOM -and- WAS LISTED IN SAID SUPPRESSED 32-PAGE VIDEO REPORT.

(ii)   THUS THE REASON FOR PROSECUTOR' WILLFUL SUPPRESSION FROM THE JURY OF THE FULL CONVERSATION DURING THEIR RIDE HOME.  There is a reasonable probability of a different outcome absent this error of counsel. (SEE MEMORANDUM).

P.   GROUND SIXTEEN:   DENIED 6th  AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO IMPEACH AS UNTRUTHFUL -and/or- CONDUCT MEANINGFUL ADVERSARIAL CHALLENGE REGARDING CONFLICTING TESTIMONY DURING RIDE HOME FROM B.W.N. THAT T.R. NEVER TOLD DEFENDANT HE WAS 15-YEARS OLD BEFORE RECORDED PHONE CALL.

FACTS:   (i)     As described in GROUNDS FOURTEEN and FIFTEEN above, State's SOLE PROSECUTING WITNESS T.R. was CONTRADICTED a SIXTH TIME as 'UNTRUTHFUL' by his own step-father B.W.N.   B.W.N. was allowed to testify under the DOCTRINE of 'EXCITED UTTERANCE' (RR3:122), as to what  he was told by his step-son, T.R. immediately after T.R. was picked-up on the date in question.  B.W.N. gave TWO SEPERATE ANSWERS, to TWO SPECIFIC QUESTIONS asked DIRECTLY by Prosecutor as to  whether or not T.R. told defendant he was 15 (RR3:128,133).

(ii)   B.W.N. TESTIFIED T.R. NEVER TOLD DEFENDANT HE WAS 15 YEARS OLD BEFORE RECORDED PHONE CALL. (APX-O), (RR3:133).  Testimony FAVORABLE TO THE DEFENSE, in support of Applicant's REPEATED ASSERTIONS to Counsel and JUSTICE OFFICIALS before TRIAL, requiring FORMAL IMPEACHMENT for JURY CONSIDERATION/APPELLATE/ HABEAS REVIEW.

(iii)   THE CUMULATIVE INSTANCES OF INEFFECTIVE ASSISTANCE CLEARLY CREATE REASONABLE PROBABILITY OF A DIFFERENT  OUTCOME.  (SEE MEMORANDUM)

Q.   GROUND SEVENTEEN: DENIED 14th. AMENDMENT DUE PROCESS WHEN TRIAL JUDGE FAILED TO CONDUCT A HEARING ON DEFENDANT' TIMELY FILED MOTION BEFORE TRIAL REGARDING INEFFECTIVE ASSISTANCE.

FACTS:   (i)     As described in GROUNDS TWO thru SIXTEEN above, Trial Judge had a JUDICIAL DUTY to conduct a hearing to consider EVIDENCE and FULLY DEVELOP TRIAL RECORDS for Appellate/HABEAS REVIEW (CR-1:17). Evidence of PREJUDICE demonstrated by Counsel with WORDS/ACTS/OMISSIONS that rendered EFFECTIVE ASSISTANCE IMPOSSIBLE,  INCLUDING BUT NOT LIMITED TO:  His statement that 'COMPARED APPLICANT'S LAWN SERVICE TO THE CATHOLIC CHURCH USED BY CATHOLIC PRIESTS TO LURE AND MOLEST UNDER AGE BOYS AS A PEDIPHILE.  CLAIMS PROVEN FALSE WITH SUPPRESSED VIDEO EVIDENCE., SAID 32-PAGE REPORT, HEARING BETWEEN JUDGE AND PROSECUTOR (CR-1:4).

(ii)   This abuse of DISCRETION was not HARMLESS and PREJUDICED DEFENDANT.  (SEE MEMORANDUM). Clerk Record (CR-1:4) evidence Counsel DID NOT ATTEND SAID VIDEO VIEWING.  JUDGE and PROSECUTOR 15 'BRANDON' BIRMINGHAM ONLY.

**R .    GROUND EIGHTEEN:**    DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO INTRODUCE EVIDENCE OF A LEGITIMATE, THRIVING LAWN SERVICE WITH SINCERE NEED FOR WORKERS AND NOT LURE FOR SEX.

**FACTS:**    (i)    As described in GROUND SEVENTEEN above, Prosecutors painted a picture for the jury of an UNEMPLOYEED DOPE DEALER and WILLFULLY SUPPRESSED EVIDENCE OF BUSINESS RECORDS with RECEIPTS totaling $7,000.00 in a two month period (March-2005 thru May-2005), and EMPLOYEE/CONTRACT LABOR available to testify.

(ii)    Work Orders including, but not limited to:  May 5, 2005 (the date in question) from Mrs. (APX-O). Ruth Anderson  - 3024 Stonehenge - Carrollton, Texas 75006 - (972)418-2470 - Paid 6.0 hours MUDDY LANDSCAPE Total $463.34 with check #3704 - Self plus Ernest Ross.  Requested both as FACT WITNESS in addition to others.

(iii)    Former workers will evidence all workers FILLED OUT PAPER WORK/ TRAINED ON EQUIPMENT/ LOCATED AT HOME OFFICE/ EQUIPMENT IN GARAGE.   SAID PAPER WORK IN POSSESSION OF PROSECUTORS would explain why T.R. **(RR6:24)** was at Applicant's apartment, as testified at trial **(RR3:127)** and in parents AFFIDAVITS (APX-G).

There is a reasonable probability of a lower sentence absent this error of Counsel.**(SEE MEMORANDUM)**

**S.    GROUND NINETEEN:**    DENIED 14th AMENDMENT DUE PROCESS WHEN PROSECUTOR MADE IMPROPER, MISLEADING STATEMENT TO JURY DESIGNED TO AROUSE PUBLIC INDIGNATION  OF DEATH SENTENCE FROM APPLICANT.

**FACTS:    (i)**    During closing arguments at punishment, Defense Counsel argued to the jury that for numerous reasons, my case did not justify the state's requested life-sentence **(RR6:35)**.

(ii)    Prosecutor' response stated:  "HE'S ALREADY SENTENCED PEOPLE TO DEATH...IT'S A DEATH SENTENCE ACCORDING TO THE DOCTOR" **(RR6:45)**.  FALSE-!  The Doctor (Theresa Barton), never made any such TESTIMONY AS "DEATH SENTENCE", or that I INFECTED ANYONE **(RR6:18)**.  INSTEAD, Doctor Barton's testimony specifically stated: "CARRYING ON A NORMAL LIFE" **(RR6:18)**.  NOT ANY DEATH SENTENCE  -or-  INFECTION.

SCIENTIFIC ADVANCES in HIV RESEARCH continually evolving since 1996 (eleven-years before my trial), EVIDENCE HIV IS NOT SPREAD BY ORAL SEX PERFORMANCE -or- INDIVIDUALS ON MEDICATION THERAPY WITH A NON-DETECTABLE VIRAL LOAD, for which I was since 1997.  TEN-YEARS BEFORE MY TRIAL IN May.-2007 AND CONTINUES TODATE. **(APX-D)**.

There is a reasonable probability of a lower sentence absent this PROSECUTORIAL MISCONDUCT.
                                        **(SEE MEMORANDUM)**

**T.    GROUND TWENTY:**    DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO INTERVIEW -and/or- SUBPOENA MY TREATING PHYSICIAN AS AN EXPERT REBUTTAL WITNESS; PRESENT EVIDENCE OF SCIENTIFIC ADVANCES -and/or- CONDUCT MEANINGFUL ADVERSARIAL CHALLENGE TO STATE' EXPERT.

**FACTS:    (i)**    Applicant made repeated requests to counsel before trial and not the result of 20/20 hindsight, to INTERVIEW/SUBPOENA my treating physician since 1997, Dr. Louis Sloan as an INFECTIOUS DISEASES EXPERT REBUTTAL WITNESS regarding HIV transmission, ORAL SEX, MEDICATION THERAPY, NON-DETECTABLE VIRAL LOAD **(APX-B)**.  If counsel had called Dr. Sloan, the jury would have received EVIDENCE in the form of MEDICAL RECORDS and TESTIMONY that since 1997, I was treated by him with MEDICATION THERAPY that REDUCED MY VIRAL LOAD to the NON-DETECTABLE LEVEL indicated as NON-TRANSMISSION.  ALSO, that ORAL SEX has never been a source of transmi... **(APX-D)**.    THERE IS A REASONABLE PROBABILITY THE OUTCOME AT PUNISHMENT WITH A THIRD DEGREE FELONY WOULD HAVE BEEN SIGNIFICANTLY LESS THAN THE LIFE-SENTENCE RECEIVED, ABSENT THIS ERROR OF COUNSEL.    **(SEE MEMORANDUM)**

**U.     GROUND TWENTY-ONE:** DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO INVESTIGATE VIDEO EVIDENCE BY ATTENDING MEETING/VIEWING BETWEEN JUDGE AND PROSECUTOR (CR-1:4, 4-20-07).

**FACTS:     (i)**     Court agreed to watch portion of video with Prosecutor on 4-20-07. (CR-1:4). Counsel declined offer from judge to attend and my right to be present. Necessary to defend. As a result, Counsel lacked command of the facts of video evidence presented to the jury. As a result, Prosecutor was able to MANIPULATE VIDEO EVIDENCE presented to the jury during punishment by claiming the person in SCENE 13.6 was PASSED OUT and that I continued to have sex, UNCONTESTED BY DEFENSE. (RR5:67).

**(ii)** Had counsel been present at SAID VIEWING -and/or- conducted MEANINGFUL INVESTIGATION, he could have OBJECTED and INFORMED JURY that Prosecutor FAST-FORWARDED (RR5:67) video past the scene that proves HE WAS NOT PASSED OUT. Further evidence of prosecutorial misconduct.

Applicant was prejudiced as a result of Counsel' unprofessional error. **(SEE MEMORANDUM).**

**V.     GROUND TWENTY-TWO:** DENIED 6th AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT, CONFER WITH APPLICANT, OR REQUEST A HEARING REGARDING TESTIMONY/EXTRANEOUS OFFENSE DOMINIE JOHNSON.

**FACTS:     (i)**     The State called Dominie Johnson to testify that in 1999, I attempted to solicit him for sex and to sell drugs. FALSE-! In 1999, his friend Manuel Watkins wore a ski-mask and attempted to pull me from my car and rob me at gun point (RR5:79), assisted by D.J., his brother and brother' girlfriend. As a result, Manuel Watkins was shot in self defense and later died. During the POLICE INVESTIGATION, no such claims of SEXUAL SOLICITATION/ DOPE DEALING/ were ever CLAIMED by WITNESSES INCLUDING JOHNSON, (RR5:86).

**(ii)** IDENTICLE TO FALSE CLAIMS LISTED in GROUND SEVEN above, and which trial judge denied Prosecutor' request to present SIAD KNOWINGLY UNTRUTHFUL TESTIMONY to the jury. (RR6:8,11).

There is a reasonable probability absent counsel' unprofessional error, the judge would have denied testimony from Johnson as UNTRUTHFUL, resulting in a sentence lowered. **(SEE MEMORANDUM).**

**W.     GROUND TWENTY-THREE:** DENIED 14th AMENDMENT DUE PROCESS WHEN PROSECUTOR INTRODUCED KNOWINGLY FALSE TESTIMONY/ EXTRANEOUS INTO EVIDENCE CONSIDERED BY JURORS DURING PUNISHMENT PHASE THAT APPLICANT SOLICITED SEX FROM DOMINIE JOHNSON WHEN HE WAS SIXTEEN AND ATTEMPTED TO SELL DRUGS.

**FACTS:     (i)**     During the State' TWO-YEAR INVESTIGATION, evidence was gathered and SUPPRESSED from jury that Applicant' SEXUAL ENCOUNTERS did not involve UNDER AGE BOYS. As a result, Prosecutor called a prisoner from the FRENCH ROBINSON UNIT, currently serving time for SEXUAL ASSAULT OF A CHILD; WITH (RR5:93) previous convictions for FELONY INJURY TO A CHILD; BURGLARY OF A HABITATION; Awaiting transfer for (RR5:93) FEDERAL GUN CHARGES, to provide the KNOWINGLY UNTRUTHFUL TESTIMONY described in GROUND TWENTY-TWO above. (RR5:94).

**(ii)**     No other witness involved in the ORIGINAL MANUEL WATKINS CASE was called to testify by the prosecution to CONFIRM or DENY Dominie Johnson versions of events, TAYLOR-MADE to fit the State's current allegations, with NO PREVIOUS CLAIMS MADE -or- CHARGES FILED. (RR5:96).

IN THIS AND ALL GROUNDS ASSERTING PROSECUTORIAL MISCONDUCT, APPLICANT CONTENDS THAT EVEN IF THIS INSTANCE OF PROSECUTORIAL MISCONDUCT IS NOT ITSELF SUFFICIENTLY PREJUDICIAL TO REQUIRED REVERSAL, THE CUMULATIVE INSTANCES OF MISCONDUCT WITH PUBLIC OUTRAGE ASSOCIATED WITH CHILD MOLESTER, HIV, DEATH SENTENCE, CLEARLY CREATE THE REASONABLE PROBABILITY OF A DIFFERENT OUTCOME and SIGNIFICANTLY LESS TIME THAN LIFE-SNETENCE.

**(SEE MEMORANDUM)**                                                                                    17

22. revocation or disciplinary proceeding that you are attacking in this petition? ☐Yes ☒No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No ⌊X⌋ N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. N/A

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: NONE

(b) At arraignment and plea: NONE

(c) At trial: RICHARD K. FRANKLIN

(d) At sentencing: RICHARD K. FRANKLIN

(e) On appeal: JOHN D. HAGLER

(f) In any post-conviction proceeding: NONE

18

—8—

(g)   On appeal from any ruling against you in a post-conviction proceeding:

_____
NO.
_____

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]   "EQUITABLE TOLLING  EXTRAORDINARY CIRCUMSTANCE".

PDR denied Dec 10, 2008.  Conviction final after 90-days equals March 10, 2009.
One Year statute would end after March 10, 2010.  State Writ No WR-74,886-01 was tendered
March 1, 2010 CERTIFIED MAIL.  CLOCK STOPS: 9-days remaining.  Clerk receive date-Certified
Mail receipt 3-3-2010.  Clerk File date 3-11-2010, one day past deadline (attempt to cause
procedural bar).

    SAID WRIT denied 11-10-2010 (9-days remaining); Motion For Reconsideration with
ATTEMPT TO REMOVE IMPEDIMENT denied 11-23-2010.  (9-days remaining with EQUITABLE TOLLING).
"EXTRAORDINARY CIRCUMSTANCES" due to STATE IMPOSED IMPEDIMENT does not allow the CLOCK TO
START.   Active list of CONTINUED DILIGENCE hindered as an INCARCERATED, lay person at law,
under the AUTHORITY and CONTROL of the State, without "OUTSIDE LEGAL ASSISTANCE" or
ACCESS TO MODERN TECHNOLOGY, ON 1-13-2015, I was finally able to receive EVIDENCE from
an OUTSIDE SOURCE/AGENCY (not the court), that DOCUMENTS needed to end SAID IMPEDIMENT
do indeed exist.  ESSENTIAL due to AEDPA "ONE-BITE" RULE.

    EXHAUSTION of State REMEDIES did not remove IMPEDIMENT.  After SAID EXHAUSTION,
I was FORCED TO PURCHASE SAME from the Texas State Law Library, received 7-20-2016.
As such, ONE YEAR AFTER IMPEDIMENT REMOVED would end 7-20-2017, -or- REMAINING 9-DAYS = 7-29-2016.

    SAID IMPEDIMENT contain evidence of CAUSE and PREJUDICE with Constitutional
violations that demonstrate a reasonable probabilty of a different outcome at GUILT
and PUNISHMENT minus errors listed in GROUNDS ONE thru TWENTY-THREE above.
    NEWLY DISCOVERED EVIDENCE:  1-13-2015/ 1-26-2015/ MAY/JUNE-2015:  WRIT OF MANDAMUS
TOLLED FROM 5-8-15 thru 8-26-15 and SUBSEQUENT WRIT 12-10-15 thru 3-9-16. Statute Limits
        after 8-1-2016 equals 365 days.

    [1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

    (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)   the date on which the judgment became final by the conclusion of direct review or the
              expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation
              of the Constitution or laws of the United States is removed, if the applicant was prevented from
              filing by such State action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme
              Court, if the right has been newly recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been
              discovered through the exercise of due diligence.

    (2)   The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

FRIDAY, JULY 22, 2016 _____ (month, day, year).

Executed (signed) on ___THURSDAY JULY 21, 2016___ (date).

_____ #144/701 _____
Signature of Petitioner (required)

Petitioner's current address:  Mark W. Stiles Unit - 3060 FM 3514 - Beaumont, TX 77705.

JULY 21, 2016



1:16 CV304

CLERK
U.S. District Court
Southern District-Texas
Beaumont Division
300 Willow Street, Suite 100
Beaumont, Texas  77701

   Dear Honorable Clerk,

   GREETINGS:

   Please find enclosed for FILING:  The ORIGINAL for the Court -and- Applicant' ONE-PAGE copy of PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY pursuant to 28 USC § 2254.

   DUE to AEDPA Statute Of Limitations, I HEREBY FILE SAID PETITION ONLY, in order to STOP THE CLOCK, in order to meet SAID DEADLINE, with MEMORANDUM soon to follow.

   $5.00 FILING FEE will be paid by my mother: Mrs Christell Warren via CREDIT CARD OVER THE PHONE. (903)839-6441.

   Will you please file the ORIGINAL with the court -and- Date Stamp Applicant's ONE-PAGE COPY and RETURN in the enclosed S.A.S.E. Due to UNIT LOCK-DOWN Status and no access to copy's I am not able to provide a SECOND COPY.

   Thank you for your assistance in this filing.

Respectfully submitted,

#1441701

WILLIE ATKINS, TDCJ No. 1441701
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas  77705