IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE JAMES ATKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-CV-2942-N |
| | § | |
| LORIE DAVIS, Director, Texas Dept. | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the foregoing reasons, the Court recommends that the petition be dismissed.

1

Petitioner challenges his conviction for attempted sexual performance of a child for employment, as a habitual offender. *State of Texas v. Willie James Atkins*, No. F-06-00566-UX (Crim. Dist. Ct. No. 6, Dallas County, Tex., May 4, 2007). On May 4, 2007, the jury sentenced him to life in prison. On July 23, 2008, the Fifth District Court affirmed. *Atkins v. State*, No. 05-07-00586-CR (Tex. App. – Dallas 2008, pet. ref'd). On December 10, 2008, the Court of Criminal Appeals denied a petition for discretionary review. PDR No. 1163-08.

On March 1, 2010, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Atkins* No. 74,886-01. On November 10, 2010, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On July 22, 2016, Petitioner filed the instant § 2254 petition. He argues:

    1.    The state court failed to provide him a copy of its habeas decision;

    2.    The search warrant was improper;

    3.    The prosecutor committed misconduct;

    4.    He received ineffective assistance of counsel; and

    5.    The trial court failed to hold a hearing on his motion alleging ineffective assistance of counsel.

On January 26, 2017, Respondent filed her answer arguing that the petition is barred by the statute of limitations. On April 1, 2017, Petitioner filed a reply.

II.

**A.**    **Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Here, the Court of Criminal Appeals denied Petitioner's petition for discretionary review on December 10, 2008. The conviction became final ninety days later, on March 10, 2009. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until March 10, 2010, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of—

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 1, 2010, Petitioner filed a state habeas petition. This petition tolled the limitations period for 255 days, until November 10, 2010, when the Court of Criminal Appeals denied the petition. When 255 days were added to the March 10, 2010, AEDPA deadline, Petitioner's deadline became November 22, 2010.[2] Petitioner did not file his petition until July 22, 2016. His petition is therefore untimely under § 2244(d)(1)(A).

Petitioner argues his petition is timely under § 2244(d)(1)(B), which states that the limitations period runs from the date on which a state-created impediment to filing a petition is removed, if the petitioner was prevented from filing his petition due to the state impediment. Petitioner argues the state court failed to provide him a copy of the trial court's decision denying his habeas petition, which he claims prevented him from timely filing his § 2254 petition.

Petitioner, however, has failed to show a state-created impediment to timely filing his § 2254 petition. Petitioner's § 2254 petition could include only those claims that he had already raised, and exhausted, in state court. Petitioner was therefore aware of these claims even if he did not have a

---

[2] Petitioner's deadline fell on Saturday, November 20, 2010. Under Fed. R. Civ. P. 6(a), his deadline became Monday, November 22, 2010.

copy of the state habeas court's decision. Further, he could have filed a motion to stay a timely filed § 2254 petition while he pursued obtaining a copy of the state court's habeas decision. Petitioner has failed to establish that his petition is timely under § 2244(d)(1)(B).

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

To the extent Petitioner argues he is entitled to equitable tolling because the state court failed to provide him with a copy of its habeas

decision, Petitioner's claim is without merit. Petitioner was neither misled about his habeas remedies, nor prevented from timely filing his § 2254 petition. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The Court recommends that the petition for writ of habeas corpus be dismissed with as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed February 6, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).